# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| JOSEPH DAVID McCLAIN, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 1:07-CV-155 (WLS) |
| | * | 42 U.S.C. § 1983 |
| DAWN MILLER, et al., | * | |
| Defendants. | * | |

## REPORT & RECOMMENDATION

Before the court is Defendants Jimmy Miller, Gordon Screen, and Elijah McCoy's Motion for Summary Judgment, filed on January 22, 2008. (R-27). The Plaintiff was notified of his right to respond, but failed to do so.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c);* *Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court

in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the non-movant "fails to make a showing sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991). Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**.

(emphasis added).

## DISCUSSION

In his complaint, Plaintiff alleges that Nurse Miller failed to provide him with proper medical treatment regarding his trachea tube on July 13, 2007. (R-2). Plaintiff contends that Nurse Miller told someone else that she would not see Plaintiff on that date because he had just returned from receiving treatment at the hospital. *Id*. Plaintiff asserts that there is a growing tumor in his throat, along with a paralyzed vocal cord, and that the lack of medical treatment is causing his voice to fade slowly. *Id*. No specific allegations were made against Defendant Screen, however, it appears Plaintiff named him as a defendant because he believes "Nurse Miller gets orders from medical officer Lt. Gordon Screen regarding [the] treatment inmates receive[] at Decatur County Correctional Institution." *Id*. Plaintiff contends that he wrote both Defendant Miller and Defendant McCoy "about [his] medical problem and that Nurse Miller is not giving me proper treatment like stuff to clean my trach [and] medication to keep infections down." *Id*. Plaintiff seeks money damages for pain and suffering and for negligence. *Id*. Plaintiff also seeks to have the Court investigate "the administration at Decatur County Correctional Institute." *Id*.

In their Motion for Summary Judgment, Defendants Miller, McCoy and Screen argue that there is no genuine issue as to any material fact such that Defendants are entitled to judgment in their favor as a matter of law. Specifically, Defendants argue: 1) that Defendants Miller, McCoy and Screen are entitled to qualified immunity in their individual capacities; 2) that Defendants Miller, McCoy and Screen did not act with deliberate

4

indifference; 3) Defendants Miller and McCoy cannot be held vicariously liable; 4) there is no evidence that Plaintiff experienced an unconstitutional delay in medical treatment; and 5) Plaintiff failed to exhaust his administrative remedies prior to filing suit. (R-28).

**Exhaustion of Administrative Remedies**

In their Motion for Summary Judgment, the Defendants contend that Plaintiff failed to timely exhaust his available administrative remedies where he failed to file any type of grievance in this matter. (R-28, p. 16-17). By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has consistently held that where Congress explicitly mandates, a plaintiff must exhaust the administrative remedies available to him before he is authorized to file a lawsuit in federal court. *McCarty v. Madigan,* 503 U.S. 140, 144 112 S.Ct. 1081, 1086 (1992). The Eleventh Circuit Court of Appeals, following the Supreme Court rulings and the PLRA, has held that "since exhaustion is now a precondition to suit, the courts cannot simply waive those requirements . . ." *Alexander v. Hawk,* 159 F.3d 1321, 1326-27 (11th Cir. 1998).

A recent United States Supreme Court decision recently held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (U.S. 2006)(emphasis added). In *Woodford*,

the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Woodford*, at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be fully and properly exhausted. *Id.*

The Georgia Department of Corrections Standard Operating Procedure (hereinafter, "SOP") on Inmate Grievances, which regulates the grievance process in all Georgia prisons, reveals that an inmate must exhaust an "Informal Complaint Procedure" before proceeding to a "Formal Grievance Procedure." The SOP states that an inmate has ten calendar days from the date he knew or should have known of the facts surrounding the grievance to file an informal grievance. After a decision is rendered regarding the informal grievance, the inmate may procure a formal grievance form from a prison counselor. There further exists an appeal process for inmates who are not satisfied with the outcome of the formal grievance. For an inmate to fully exhaust his administrative remedies, therefore, he must complete all three steps of the grievance procedure.

In reviewing the pleadings in this matter, it appears that although Plaintiff states in his complaint that he filed a grievance, his letter (R-10) makes clear that the grievances he

6

claims to have filed relate only to Nurse Miller and not to Defendants Jimmy Miller, Gordon Screen, or Elijah McCoy. In addition, Plaintiff has presented no evidence in support of his contention that he filed grievances. Defendants Jimmy Miller, Gordon Screen, and Elijah McCoy, on the other hand, have filed the affidavit of Maurice Williams, the grievance counselor, which attests to Plaintiff's failure to file any formal or informal grievance or write any letter to any of the above-named defendants concerning the facts at issue. (R-33, Affidavit of Maurice Williams). Plaintiff also failed to file any response to the Defendants' Motion for Summary Judgment. As such, Plaintiff did not exhaust his available administrative remedies before filing the current action. Therefore, this Court recommends that the Motion for Summary Judgment be granted as no genuine issue of material fact exists where Plaintiff failed to exhaust the grievance procedure as mandated by the PLRA.

Defendants make further contentions as to why their Motion for Summary Judgment should be granted. Those contentions, however, need not be addressed as the court is not required to review the merits of the Plaintiff's claims. Therefore, the Defendants' remaining assertions are deemed moot.

Furthermore, Plaintiff's action is found to be frivolous. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). An action is "frivolous" for purposes of § 1915(e)(2) if "it is without arguable merit either in law or fact." *Napier v. Preslicka,* 314, F.3d 528, 531 (11th Cir. 2002), *cert. denied*, 124 S.Ct. 1038 (2004).

**ACCORDINGLY**, because it appears that Defendants Jimmy Miller, Gordon Screen,

and Elijah McCoy are entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Motion for Summary Judgment filed on their behalf be **GRANTED** and that Plaintiff's complaint be dismissed as frivolous. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

  **SO RECOMMENDED,** this 13th day of March, 2008.

          S/G. MALLON FAIRCLOTH
          UNITED STATES MAGISTRATE JUDGE

mZc