# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| JOSEPH DAVID McCLAIN, | * |
| Plaintiff, | * |
| v. | * CASE NO. 1:07-CV-155 (WLS) |
| | * 42 U.S.C. § 1983 |
| DAWN MILLER, et al., | * |
| Defendants. | * |

## REPORT & RECOMMENDATION

Before the court is Defendant Dawn Miller's Motion for Summary Judgment, filed on February 12, 2008. (R-38). The Plaintiff was notified of his right to respond (R-41), and did so on March 4, 2008 (R-42). On March 7, 2008, Defendant Dawn Miller filed a Reply to Plaintiff's Response. (R-43).

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.

1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the non-

movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991). Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.**

> **If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**.
> (emphasis added).

## DISCUSSION

In his complaint, Plaintiff alleges that the defendant, Nurse Dawn Miller, failed to provide him with proper medical treatment regarding his trachea tube on July 13, 2007. (R-2). Plaintiff contends that Nurse Miller told someone else that she would not see Plaintiff on that date because he had just returned from receiving treatment at the hospital. *Id*. Plaintiff asserts that there is a growing tumor in his throat, along with a paralyzed vocal cord, and that the lack of medical treatment is causing his voice to fade slowly. *Id*. Plaintiff contends that Nurse Miller did not give him proper treatment because she failed to give him "stuff to clean [his] trach [and] medication to keep infections down." *Id*. Plaintiff seeks money damages for pain and suffering and for negligence. *Id*.

## MOTION FOR SUMMARY JUDGMENT

Defendant Miller has asserted that by failing to respond to her request for admissions within the time allowed by law, Plaintiff has admitted: (1) that there was no negligent conduct, intentional conduct or wrongful conduct of any kind on the part of Defendant Miller which was the proximate cause of damages or injuries to Plaintiff, as alleged in Plaintiff's complaint; (2) that there was no act or [omission] to act on the part of Defendant Miller which gives Plaintiff any cause of action against the Defendant Miller as described in Plaintiff's complaint; and (3) that there was no conduct, wrongful or otherwise, on the part of Defendant Miller which gives Plaintiff any cause of action against the Defendant Miller

4

under the constitution or law of the United States or under the constitution or laws of the State of Georgia. (R-39). Defendants assert that by virtue of these admissions, no genuine issue of material fact remains.

## REQUESTS FOR ADMISSIONS

Rule 36 of the Federal Rules of Procedure, governs requests for admissions. Rule 36 provides:

> (a) **Request for Admission**. A party may serve upon another party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1)[1] set forth in the request that relate to statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request. . . . Each matter in which an admission is requested shall be separately set forth. The matter is admitted unless, within the 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. . . . An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request . . .
>
> (b) **Effect of Admission**. Any matter admitted under this rule is conclusively established unless the court on motion permits

---

[1] Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ." *Federal Rule of Civil Procedure* 26(b)(1).

the withdrawal or amendment of the admission.

Defendant Dawn Miller mailed her First Request for Admissions to Plaintiff on November 26, 2007 (R-39-6, Exhibit "6"). Plaintiff failed to file any response to Defendant Miller's First Request for Admissions. By failing to respond to Defendant Miller's requests for admissions (R-39-6) within the time allowed by law, Plaintiff has admitted: (1) that there was no negligence on the part of Defendant Miller which was the proximate cause of Plaintiff's injuries as described in Plaintiff's complaint; (2) that there was no act or omission to act on the part of Defendant Miller which gives Plaintiff any cause of action against the Defendant as described in Plaintiff's complaint; and (3) that there was no conduct, wrongful or otherwise, on the part of Defendant Miller which gives Plaintiff any cause of action against the Defendant under the constitution or laws of the United States or under the constitution or laws of the State of Georgia.

## CONCLUSION

To preclude summary judgment once the Defendant has provided evidence failing to show that any issues of fact remain, the Plaintiff must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Federal Rule of Civil Procedure 56 provides that affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which

should be submitted to the trier of fact for final determination. Having submitted admissions made by Plaintiff McClain, Defendant Miller, as the moving party, has met her burden of proof. That is, she has demonstrated to the court the basis for her motion which she believes shows that there is an absence of any genuine issue of material fact. In response, when the burden of proving that Defendant Miller was not entitled to a judgment as a matter of law shifted to the Plaintiff, he failed to provide any affidavits or evidence. The evidence was examined by this court in a light more favorable to the Plaintiff, as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). Therefore, it is recommended that Defendant's Motion for Summary Judgment be granted as Plaintiff has failed to provide evidence to show that any material fact upon which relief may be granted still exists.

To the extent that Plaintiff's Response (R-42) to Defendant Miller's Motion for Summary Judgement, attempts to amend his claims and/or prayer for relief, said Motion to Amend is DENIED as untimely.

Furthermore, Plaintiff's action is found to be frivolous. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). An action is "frivolous" for purposes of § 1915(e)(2) if "it is without arguable merit either in law or fact." *Napier v. Preslicka,* 314, F.3d 528, 531 (11th Cir. 2002), *cert. denied*, 124 S.Ct. 1038 (2004).

**ACCORDINGLY**, because it appears that Defendant Dawn Miller is entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States

Magistrate Judge that Defendant Dawn Miller's Motion for Summary Judgment filed on her behalf be **GRANTED** and that Plaintiff's complaint be dismissed as frivolous. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 13th day of March, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc